## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW RANKIN, by and through his guardian, BRUCE RANKIN, | |
| Plaintiff, | Case Number: _____ |
| vs. | |
| RESURGENT CAPITAL SERVICES, L.P., CREDIT CONTROL, LLC, and LVNV FUNDING, LLC, | |
| Defendants. | |

## COMPLAINT with JURY DEMAND

Now comes Plaintiff, Matthew Rankin, through his legal guardian, Bruce Rankin, and for his Complaint, states and avers as follows:

## PARTIES & FACTS

1.      This case involves an action for damages advanced by an individual consumer, Matthew Rankin, against Defendants, Resurgent Capital Services, L.P., Credit Control, LLC, and LVNV Funding, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and Consumer Sales Practices Act, R.C. § 1345, *et. seq.* (hereinafter "CSPA").

2.      This case arises from multiple debt collection communications by, or on behalf of, Defendants. These communications came after Plaintiff instructed them, in writing, to stop all further communication, which violated the FDCPA, 15 U.S.C. § 1692c(c).

3.      This case also advances a claim under the FDCPA, §1692g(b) for failure to properly validate the alleged debt upon written request by Plaintiff.

4.      These violations of the FDCPA are unfair and deceptive acts, which also give rise to

1

a violation of the CPSA.

5.      The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). This action advances the underlying purposes of the FDCPA.

6.      "While Congress appears to have intended the act to eliminate abusive collection practices, the language of 15 U.S.C. § 1692c(c) is broader: it not only states that a debt collector may not make a demand for payment following a cease-communication letter, but also prohibits communication of any kind …" *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 398 (6th Cir. 1998).

7.      The FDCPA verification provision at 15 U.S.C. § 1692g(b) is designed "to provide consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. … [Verification] should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

8.      The overriding purpose of the [CSPA] … is to eliminate overreaching, to eliminate inequality in the positions of seller and buyer, and to equalize access to key information. *Rose v. Zaring Homes*, 122 Ohio App. 3d 739, 747, 702 N.E.2d 952, 958 (1997).

9.      "Since the underlying purpose of the FDCPA is to prohibit 'abusive, deceptive and unfair debt collections practices, 'the purpose of both acts is to prohibit both unfair and deceptive acts and *** any violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03." *D.A.N. Joint Venture*

*III, L.P. v. Armstrong*, 2007-Ohio-898, ¶ 50 (Ct. App.).

10.     Matthew Rankin, having been deemed incompetent, advances this action by and through his legal guardian, Bruce Rankin.

11.     At all times relevant herein, Plaintiff, Matthew Rankin, is and has been a resident of Adams County, Ohio.

12.     At all times relevant herein, Plaintiff, Matthew Rankin, is and has been a "consumer," as defined by the FDCPA and CSPA.

13.     At all times relevant herein, Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a foreign corporation, authorized to conduct, and so conducting, business in the State of Ohio, and will be served through its authorized agent for service of process.

14.     At all times relevant herein, Defendant, Credit Control, LLC ("Credit Control"), is a foreign corporation, authorized to conduct, and so conducting, business in the State of Ohio, and will be served through its authorized agent for service of process.

15.     At all times relevant herein, Defendant, LVNV Funding, LLC ("LVNV"), is a foreign corporation, authorized to conduct, and so conducting, business in the State of Ohio, and will be served through its authorized agent for service of process.

16.     Frontline Asset Strategies, LLC ("Frontline") and Financial Recovery Services, Inc. ("FRS") were each retained by and acted on behalf of LVNV for purposes of collection of an alleged debt on behalf of LVNV; alternatively and/or additionally, Frontline and FRS were each retained by Resurgent for purposes of collection of an alleged debt.

17.     Resurgent, Credit Control, Frontline, FRS and LVNV are each a "debt collector," as defined by the FDCPA.

18.     Upon information and belief, Resurgent is servicer acting and collecting an alleged debt on behalf of LVNV.

19.     Upon information and belief, Credit Control is servicer acting and collecting an alleged debt on behalf of LVNV.

20.     LVNV and/or Resurgent are liable for the unlawful debt collection activity of Frontline and FRS, as well as Resurgent and Credit Control, under principles of agency and *respondeat superior*.

21.     LVNV and/or Resurgent assigned an alleged debt for collection to Frontline after being directed by Plaintiff to cease and desist all communications.

22.     LVNV and/or Resurgent assigned an alleged debt for collection to FRS after being directed by Plaintiff to cease and desist all communications.

23.     LVNV and/or Resurgent failed to inform Frontline that the alleged debtor had a cease and desist request related to the allege debt that Frontline was assigned to collect.

24.     LVNV and/or Resurgent failed to inform FRS that the alleged debtor had a cease and desist request related to the allege debt that FRS was assigned to collect.

25.     Defendants' contacts via letters, and any other mode of communication, each constituted a "communication," as defined by the FDCPA.

26.     Upon information and belief, each Defendant has attempted to collect an alleged "debt" wherein the original "creditor" is Credit One Bank, NA, as those terms are defined by the FDCPA.

27.     Upon information and belief, LVNV and Resurgent are related and part of an organization of companies referred to as "Resurgent Companies."

28.     Credit Control is also part of Resurgent Companies.

29.     Upon information and belief, Credit One Bank is the parent organization of the "Resurgent Companies."

30.     Upon information and belief, LVNV is a debt buyer, and purchased the subject

4

charged-off alleged debt from Credit One Bank, NA.

31.     Upon information and belief, Resurgent, Credit Control, FRS, and Frontline were each collecting an alleged debt on behalf of LVNV.

32.     Resurgent, Credit Control, FRS, and Frontline, at all times relevant to the debt collection activity alleged herein, were each servicers, sub-servicers assignees, representatives, agents or debt collectors acting on behalf of Resurgent Companies.

33.     Resurgent, Credit Control, FRS, and Frontline, at all times relevant to the debt collection activity herein, were each servicers, sub-servicers assignees, representatives, agents or debt collectors on behalf of LVNV.

34.     LVNV is liable for the acts of its agents, representatives, debt collectors, assignees, servicers and/or sub-servicers.

35.     In accordance with the foregoing, LVNV is a debt collector within the purview of the FDCPA.

36.     On December 5, 2020, Plaintiff sent a letter to Resurgent and LVNV. In this correspondence, Plaintiff advised Resurgent and LVNV that he wrote to said defendants in follow-up to reviewing a tradeline they furnished on his Experian credit report, and that he disputed any alleged debt being owed to them. Plaintiff requested full validation of the alleged debt, and further requested Resurgent and LVNV cease and desist from any communication beyond such validation.

37.     A letter dated January 27, 2021 from Resurgent addressed to Matthew Rankin, purported to, *inter alia,* provide "verification of the debt."

38.     This communication also acknowledges it is "an attempt to collect a debt."

39.     The purported "verification" from  Resurgent provided no information about any basis for the alleged $641.91 debt it sought. The only itemized information in the solitary statement that Resurgent provided set out fees and interest in the amount of $45.25 and $11.51, respectively.

40.     This "verification" and collection letter was received by Matthew Rankin on February 3, 2021.

41.     Resurgent's verification included:

a.  an "Account Summary Report" dated January 27, 2021, listing the original creditor of the alleged account as Credit One Bank, N.A. The summary listed LVNV Funding LLC as the owner of the alleged account. The summary stated a charge-off amount of $641.91, and a charge-off date of June 10, 2019, but provided no other information regarding how Resurgent arrived at the amount allegedly owed (*e.g.,* what charges were made). The summary stated the account originated on April 26, 2018. Resurgent also provided no information establishing LVNV was the true owner of the alleged account other than its bald assertion.

b.  a single statement for the period of May 10, 2019 to June 9, 2019. This statement included itemized charges for fees only, and also failed to show how Resurgent arrived at the alleged amount due.

42.     The "verification" provided by Resurgent did not include any information as to how or when the alleged debt was originally incurred, such as the date or nature of the transactions that led to the date.

43.     On February 5, 2021, Plaintiff wrote a second letter to Resurgent stating he received the letter dated January 27, 2021, and disputed the validity of the debt, and instructed Resurgent "to cease further communication" with him, in accordance with 15 U.S.C. § 1692c(c), providing in relevant part:[1]

---

[1] Plaintiff's telephone number is redacted for privacy reasons.

*Upon receipt of this letter, I am demanding that Resurgent Capital Services immediately cease and desist all contact with me. Cease and Desist pertains to the following. I am demanding that Resurgent Capital Services stop sending mail to my address at 127 Chery Drive Peebles, OH 45660. I am further demanding that Resurgent Capital Services ceases any attempts to call my cell phone. This includes telephone numbers ▬▬▬▬ and (▬▬▬▬. Resurgent Capital is also prohibited from contacting me by email at matthewrankin2015@gmail.com. Also, as a part of this cease-and-desist order Resurgent Capital Services is prohibited from contacting me through any means of telephone, text, email, fax, or social media. It should also be noted that in accordance with this cease-and-desist order Resurgent Capital Services is prohibited from contacting family, friends, or associates about any issue regarding this matter.*

44.     The February 5, 2021 cease and desist letter was received by Resurgent on February 9, 2021.

45.     Despite the instruction by Plaintiff for Resurgent and LVNV to cease all further communication with him, on February 25, 2021, Plaintiff received a letter from Resurgent dated February 17, 2021 attempting to collect the alleged debt.

46.     A letter dated April 20, 2021 was sent by Resurgent to Matthew Rankin purporting to again provide "verification" of the alleged debt. Enclosed in this correspondence was the exact same incomplete "verification" provided by Resurgent in its January 27, 2021 correspondence, *supra.*

47.     A second correspondence dated April 20, 2021 from Resurgent was also sent to Plaintiff. This second letter stated it was reviewing an inquiry directed to either Resurgent or Credit Control, both of which Matthew Rankin had previously instructed to cease and desist all communication with him regarding the alleged debt.

48.     The second correspondence dated April 20, 2021 was also clear in the intent it was an "attempt to collect a debt" from Matthew Rankin.

49.     Resurgent ignored Plaintiff's February 5, 2021 instruction to cease and desist and continued debt collection communications with Plaintiff.

50.     On April 2, 2021, Plaintiff received a letter from Credit Control dated March 23, 2021.

51.     The March 23, 2021 letter was a debt collection communication attempting to collect the same alleged debt.

52.     The March 23, 2021 letter named LVNV as the "Current Creditor."

53.     LVNV, however, was never a "creditor" to Plaintiff.

54.     LVNV did not offer or extend credit to Plaintiff at any time.

55.     Credit Control sent Plaintiff the March 23, 2021 letter knowing Plaintiff had previously requested Credit Control cease all communications related to the alleged debt.

56.     Neither LVNV, nor any agent or representative of LVNV, provided any evidence or document showing the alleged debt is owed to LVNV by Plaintiff.

57.     Neither LVNV, nor any agent or representative of LVNV, provided any evidence or document showing LVNV was the lawful owner of the alleged debt.

58.     Despite Plaintiff's requests that Defendants cease all communication with him, Defendants continued to communicate with him regarding the alleged debt.

59.     On April 13, 2021, Matthew Rankin received correspondence from FRS stating an intent to collect an alleged debt on behalf of LVNV.

60.     FRS's collection letter threatened that Plaintiff should pay the alleged debt to "*****Avoid Client Review For Law Firm Assignment****".

61.     On April 21, 2021, Matthew Rankin received a telephone call from Frontline, attempting to collect a debt on behalf of LVNV for $696.15, despite Matthew Rankin's prior instruction to LVNV to cease and desist further communication.

62.     During the April 21, 2021, the Frontline representative became belligerent and abusive with Matthew Rankin, and he subsequently hung up.

63.     After about an hour, Plaintiff called Frontline back and requested written validation of the alleged debt, and instructed Frontline to stop calling him. Frontline's representative informed

Plaintiff that he would be removed from Frontline's calling list.

64.    On April 21, 2021, Plaintiff wrote a letter directly to Frontline, wherein he instructed Frontline to cease and desist all communication with him in accordance with 15 U.S.C. § 1692c(c).

65.    On April 27, 2021, Matthew Rankin received another correspondence from Frontline stating Frontline's intent to collect the alleged $696.15 debt on behalf of LVNV. Frontline also threatened that if Matthew Rankin does not "resolve" the alleged debt while it is their office, their client may retain an attorney.

66.    At all times relevant, Matthew Rankin has taken reasonable steps to mitigate his injuries by repeatedly disputing the alleged debt, requesting verification of the alleged debt, and clearly instructing Defendants to cease all communication with him regarding the alleged debt.

67.    As a result of the continued communications, notwithstanding Plaintiff's instruction to cease all communications, Matthew Rankin has suffered stress, anxiety, emotional distress, invasion of privacy, intrusion upon his seclusion, loss of enjoyment, and inability to be free of unwanted dunning by Defendants related to this disputed alleged debt.

## JURISDICTION AND VENUE

68.    The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

69.    This Court has personal jurisdiction over Defendants because Resurgent, LVNV, and Credit Control each do business in this District. *See*, 28 U.S.C. § 1391(c)(2).

70.    This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d).

71.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## FIRST CAUSE OF ACTION: FAIR DEBT COLLECTION PRACTICES ACT

72.    Matthew Rankin hereby incorporates all other paragraphs as if fully restated herein.

73.      This claim is for violation of the FDCPA by Defendants, Resurgent, LVNV, and Credit Control, jointly and severally.

74.      With limited exceptions, 15 U.S.C. § 1692c(c) prohibits debt collectors like Defendants from communicating with consumer if "a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer."

75.      The limited exceptions set out under 15 U.S.C. § 1692c(c) do not apply to any of the communications at issue in this case.

76.      Defendants also failed to validate the alleged debt pursuant to Plaintiff's request under 15 U.S.C. § 1692g(b).

77.      Defendants' actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

78.      Defendants have each acted with willful intent to injure Plaintiff.

79.      At all times relevant, each Defendant had substantial written materials that informed it of its duties and obligations under the FDCPA.

80.       Despite knowing of their legal obligations, each Defendant acted consciously in breaching its known duties, and depriving Plaintiff of his rights under the FDCPA.

81.      The communications described herein were not the result of a bona fide error.

82.      No Defendant herein, individually or collectively, maintained procedures adapted to avoid bona fide errors under the FDCPA.

**SECOND CAUSE OF ACTION: CONSUMER SALES PRACTICES ACT**

83.      Matthew Rankin hereby incorporates all other paragraphs as if fully restated herein.

84.      This claim is for violation of the Consumer Sales Practices Act, R.C. § 1345, *et. seq.* (hereinafter "CPSA") Defendants, Resurgent, LVNV, and Credit Control, jointly and severally.

85.     At all times relevant, Matthew Rankin was a "consumer," as defined by the Ohio Consumer Sales Practices Act.

86.     At all times relevant, the facts as set forth herein, effect a "consumer transaction," as defined by the Ohio Consumer Sales Practices Act.

87.     At all times relevant, each Defendant's actions and omissions, as forth herein, was unfair and deceptive to Plaintiff.

88.     At all times relevant, each Defendant's violations of the FDCPA, as set forth herein, was unfair and deceptive to Matthew Rankin. *See Taylor v. First Resolution Inv. Corp.*, 2016-Ohio-3444, ¶ 90, 148 Ohio St. 3d 627, 654, 72 N.E.3d 573, 599, citing *Kelly v. Montgomery Lynch & Assocs., Inc.*, N.D. Ohio No. 1:07-CV-919, 2008 U.S. Dist. LEXIS 30917, 2008 WL 1775251, *11 (Apr. 15, 2008).

89.     As a result of claims and allegations set forth herein, *inter alia*, before, during, or after a consumer transaction involving or effecting Matthew Rankin, Defendants each committed one or more unfair and deceptive acts.

**WHEREFORE**, Plaintiff, Matthew Rankin, demands judgment against Defendants, jointly and severally, as applicable in accordance with the allegations set forth above, as deemed just and lawful by the Court; plus, on each claim, litigation costs, interest, reasonable attorney fees, and any and all other legal and equitable relief this Honorable Court deems just and lawful and as follows:

### PRAYER FOR RELIEF

1.  On the first claim for violation of the Fair Debt Collection Practices Act by Resurgent, LVNV, and Credit Control, jointly and severally, compensatory damages to compensate Matthew Rankin for his actual damages, statutory damages up to $1,000.00 per violation, including litigation costs, interest, attorney fees as deemed proper and lawful by the Court, and any and all other legal and equitable relief this Court deems just and lawful for each violation that may be proven at trial; and

2.  On the second claim, for violation of the Consumer Sales Practices Act by Resurgent, LVNV, and Credit Control, jointly and severally, $200.00 statutory damages, or three times actual damages, whichever is greater, and other damages, remedies, and relief, including non-economic damages, litigation expenses, interest, and attorney fees as deemed proper and lawful by the Court, for each and every violation that may be proven at trial; and

Plus, on each and every claim, interest and any and all other legal and equitable relief deemed necessary and just.

**JURY DEMAND**

A trial by jury composed of the maximum number of jurors permitted by law is hereby demanded by Plaintiff.

Respectfully submitted,

WELLS LAW OFFICE, INC.

BY: /s/ *Amy L. Wells*
AMY L. WELLS, Ohio No. 78247
Counsel for Plaintiff
201 N. Garland Ct., 2908
Chicago, IL 60601
(773) 762-9104
amywellls@equaljusticelaw.com

12