IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MATTHEW RANKIN, by and through his guardian BRUCE RANKIN, | : : : |
| Plaintiff | : : |
| v. | : Case No. 1:21-cv-00606-MRB |
| | : |
| LVNV FUNDING, LLC, *et. al,* | : Judge Michael R. Barrett |
| Defendants | : : : |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND NAME BRUCE RANKIN AS NEXT FRIEND**

Now comes Plaintiff and moves this Court for leave to amend his complaint and name Bruce Rankin as Next Friend, in order to aid Plaintiff in the administration of his case. This case was originally filed with Bruce Rankin named as Plaintiff's guardian. ECF 1. Defendants objected to Bruce Rankin's standing to serve as his brother Matthew Rankin's legal guardian in this action because the probate court appointed Bruce Rankin as guardian of Matthew Rankin's person, not Matthew Rankin's estate (ECF 9). As set forth in Plaintiff's memorandum opposing Defendants' motions, Plaintiff believes Defendants' position is incorrect (ECF 10). Notwithstanding, in the spirit of resolution of this issue so that this debt collection abuse case may proceed on its merits, Plaintiff respectfully moves the Court for leave so he may file his First Amended Complaint naming Bruce Rankin as his Next Friend in this case.[1] This motion is made in the interest of justice; a supporting memorandum is set forth below. The proposed First Amended Complaint is attached as Exhibit 1.

---

[1] The only proposed changes in the First Amended Complaint are: (a) to the caption, introductory paragraph and ¶ 10, identifying Bruce Rankin as Next Friend; (b) for clarification that a claim for unconscionability under the CSPA is being advanced, the words "and unconscionable" have been added to ¶¶ 87-89.

**MEMORANDUM IN SUPPORT OF LEAVE TO AMEND AND NAME BRUCE RANKIN NEXT FRIEND TO MATTHEW RANKIN**

**I. Bruce Rankin Should be Named Next Friend to His Brother Matthew Rankin**

It is undisputed that the plaintiff, Matthew Rankin, is legally incompetent. *See* ECF 9 at p. 2; and ECF 9-1.[2] And it is also undisputed that Bruce Rankin is already the legal guardian of Plaintiff's person. *Id.* Furthermore, appointment of a Next Friend is proper under Federal Rule of Civil Procedure 17(c)(2), which provides in pertinent part:

> "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem…"

The Court has "substantial discretion" in deciding whether to appoint a "next friend." *Mate v. Fields*, No. 16-2730, 2017 U.S. App. LEXIS 25903, at *4-5 (6th Cir. June 20, 2017), citing *Gardner by Gardner v. Parson*, 874 F.2d 131, 139, 140 (3d Cir. 1989). Although the district court may not allow the interest of an incompetent litigant to go unprotected, the court's decision whether to appoint a next friend "will not be disturbed unless there has been an abuse of its authority." *Id.*

Civil Rule 17 is designed to protect incompetent parties like Matthew Rankin and provide a mechanism for recourse when their legal rights are violated. *United States v. Mandycz*, 447 F.3d 951, 962 (6th Cir. 2006). *In re Kloain*, 179 F. App'x 262, *Mate v. Comm'r of Soc. Sec.*, No. 17-3195, 2017 U.S. App. LEXIS 26302, at *5 (6th Cir. Dec. 21, 2017). Next friends appear in court on behalf of persons who are unable to seek relief themselves, usually because of mental incompetence. *Whitmore v. Arkansas*, 495 U.S. 149, 162, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990). The term "incompetent person" in Rule

---

[2] An incompetent person, such as Matthew Rankin, is not required to petition the probate court for guardianship of his estate in order to litigate when his rights are violated by a group of debt collectors. Here, Matthew Rankin's sole source of income is a very modest monthly SSI check. And notably, the Social Security Administration found Bruce Rankin suitable to act as his Representative Payee with respect to the totality of his SSI income and to ensure that his brother's needs are met. *See* Exh. 2. Notably, pursuant to the oversight guidelines, Bruce Rankin undergoes a periodic audit to ensure compliance with the strict procedures in order to be able to provide this assistance to his brother. Due to the nominal income of Plaintiff, it was not believed prudent to invest time and costs necessary to seek appointment of a guardian of Matthew Rankin's extremely limited estate, which is already subject to the Social Security Administration guidelines.

17(c) refers to "a person without the capacity to litigate." *Mickelson v. Mickelson*, 2016 U.S. Dist. LEXIS 94467, at *2-3 (E.D. Ky. July 20, 2016), citing *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990), *aff'd*, 32 F.3d 566 (5th Cir. 1994), *cert. denied*, 513 U.S. 1167, 115 S. Ct. 1138, 130 L. Ed. 2d 1098 (1995). Here, Matthew Rankin's incompetence is uncontested.

Here, due to his mental incompetence, Matthew Rankin will be well-served by the assistance of his brother Bruce Rankin as his Next Friend in this case. Defendants' purport that as the legal guardian of Matthew Rankin's person only, his brother, Bruce Rankin, is not presently before the Court as his guardian. While that contention is in dispute, a simple remedy is to name Bruce Rankin the plaintiff's Next Friend, as provided for under Rule 17.

Bruce Rankin is already his brother's keeper in all material respects, including overseeing all matters involving Matthew Rankin's finances, expenses, and day to day living. *See* fn 1 and Exh. 2, Bruce Rankin is the named Representative Payee on behalf of his brother as it relates to his Supplemental Security Income. As the undisputed guardian of Matthew Rankin's person and the Representative Payee of Matthew Rankin's sole source of income, Bruce Rankin is indisputably well suited to be Next Friend to Matthew Rankin in this case.[3]

## II.     Leave to Amend is Proper

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial and provides in relevant part that "a party may amend its pleading only with the opposing party's written

---

[3] Defendants' derogatory conjecture and speculation about Bruce Rankin's suitability to serve as Next Friend in their Reply brief (ECF 11, p.3) is off base. Defendants imply that because they also violated Bruce Rankin's rights, causing him "anxiety and emotional distress," he is not suitable to act as Next Friend to his brother in this action. That is not the standard. Moreover, such a decision is within the province of the Court, not Defendants. Furthermore, it is undisputed that the probate Court found Bruce Rankin a suitable for guardianship. ECF 9-1. The Social Security Administration found Bruce Rankin the suitable Representative Payee to oversee his brother's finances. Exh. 2. It is not remarkable that debt collector-Defendants would try to evade liability and delay justice by raising such inflammatory assertions.

consent or the court's leave."[4] Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*

Rule 15(a) contains a "liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Leave should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

This motion is brought in good faith in an effort to hasten a resolution of this issue so this case may be litigated on its merits. This is Plaintiff's first request to amend, and this request is timely, as the deadline for amendment is March 1, 2022. ECF 8. Granting this motion will not delay these proceedings, but will have the opposite effect. Moreover, Defendants will suffer no prejudice if leave is granted.[5]

### III.   Conclusion

In accordance with the foregoing, Plaintiff respectfully requests that the Court grant his motion for leave to file his First Amended Complaint and to name Bruce Rankin his Next Friend.

WELLS LAW OFFICE, INC.

BY: */s/ Amy L. Wells*
AMY L. WELLS, Ohio No. 0078247
201 N. Garland Ct., 2908
Chicago, IL 60601
(773) 762-9104
amywellls@equaljusticelaw.com
*Counsel for Plaintiff*

---

[4] The undersigned reached out to Defendants' counsel to request consent to this motion on February 23, 2022, but no response was supplied as of the time of this filing.

[5]

4

## **CERTIFICATE OF SERVICE**

    A copy of the foregoing was served upon all parties through their counsel of record via the Court's ECF system on February 8, 2022.

>BY: /s/ *Amy L. Wells*
>AMY L. WELLS
>*Counsel for Plaintiff*

5