**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT CINCINNATI**

| | | |
|---|---|---|
| Matthew Rankin, by and through his guardian, Bruce Rankin, | : | Case No: 1:21-cv-606 |
| | : | |
| Plaintiff, | : | Judge: Michael R. Barrett |
| | : | |
| v. | : | |
| | : | ANSWER OF ALL DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT; WITH AFFIRMATIVE DEFENSES |
| Resurgent Capital Services, L.P., et al., | : | |
| | : | |
| Defendants. | : | |

Now come all Defendants ("Defendants") and provide the following for their answer to Plaintiff Matthew Rankin's ("Rankin") complaint.

As a preliminary matter, Plaintiff agreed to resolve his claims in arbitration when he opened and used the Credit One Bank, N.A. account.  Thus, Plaintiff must arbitrate his claims in private arbitration, and this case must be stayed pending arbitration.  By filing this Answer, Defendants do not waive the right to compel arbitration.

**Complaint 1.** This case involves an action for damages advanced by an individual consumer, Matthew Rankin, against Defendants, Resurgent Capital Services, L.P., Credit Control, LLC, and LVNV Funding, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and Consumer Sales Practices Act, R.C. § 1345, *et. seq.* (hereinafter "CSPA").

**Answer 1.**    Defendants deny all allegations in Paragraph 1.

**Complaint 2.** This case arises from multiple debt collection communications by, or on behalf of Defendants. These communications came after Plaintiff instructed them, in writing, to stop all further communication, which violated the FDCPA, 15 U.S.C. § 1692c(c).

**Answer 2.**    Defendants deny all allegations in Paragraph 2.

**Complaint 3.** This case also advances a claim under the FDCPA, §1692g(b) for failure to properly validate the alleged debt upon written request by Plaintiff.

**Answer 3.**    Defendants deny all allegations in Paragraph 3.

1

**Complaint 4.** These violations of the FDCPA are unfair and deceptive acts, which also give rise to a violation of the CSPA.

**Answer 4.** Defendants deny all allegations in Paragraph 4.

**Complaint 5.** The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). This action advances the underlying purposes of the FDCPA.

**Answer 5.** Defendants state that the FDCPA speaks for itself and paragraph 5 does not require a response. To the extent that it does require a response, Defendants deny the allegations in paragraph 5.

**Complaint 6.** "While Congress appears to have intended the act to eliminate abusive collection practices, the language of 15 U.S.C. § 1692c(c) is broader: it not only states that a debt collector may not make a demand for payment following a cease-communication letter, but also prohibits communication of any kind ..." *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 398 (6th Cir. 1998)

**Answer 6.** Defendants deny all allegations in Paragraph 6.

**Complaint 7.** The FDCPA verification provision at 15 U.S.C. § 1692g(b) is designed "to provide consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. ... [Verification] should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC,* 758 F.3d 777, 785-86 (6th Cir. 2014).

**Answer 7.** Defendants state that the FDCPA speaks for itself and paragraph 7 does not require a response. To the extent that it does require a response, Defendants deny the allegations in paragraph 7.

**Complaint 8.** The overriding purpose of the [CSPA] ... is to eliminate overreaching, to eliminate inequality in the positions of seller and buyer, and to equalize access to key information. *Rose v. Zaring Homes,* 122 Ohio App. 3d 739, 747, 702 N.E.2d 952, 958 (1997).

**Answer 8.** Defendants deny all allegations in Paragraph 8.

**Complaint 9.** "Since the underlying purpose of the FDCPA is to prohibit 'abusive, deceptive and unfair debt collections practices, 'the purpose of both acts is to prohibit both unfair and deceptive acts and *** any violation of any one of the enumerated sections

of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03." *D.A.N. Joint Venture III,* L.P. v. *Armstrong,* 2007-Ohio-898, ¶ 50 (Ct. App.).

**Answer 9.**     Defendants deny all allegations in Paragraph 9.

**Complaint 10.**     Matthew Rankin, having been deemed incompetent, advances this action by and through his legal guardian ad litem, Elizabeth Antrobus, who was duly appointed by this Court.

**Answer 10.**     Defendants state that this Court's docket speaks for itself but deny Paragraph 10.

**Complaint 11.** At all times relevant herein, Plaintiff, Matthew Rankin, is and has been a resident of Adams County, Ohio.

**Answer 11.**     Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 11 and therefore deny Paragraph 11.

**Complaint 12.**     At all times relevant herein, Plaintiff, Matthew Rankin, is and has been a "consumer," as defined by the FDCPA and CSPA.

**Answer 12.**     Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 12 and therefore deny Paragraph 12.

**Complaint 13.**     At all times relevant herein, Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a foreign corporation, authorized to conduct, and so conducting, business in the State of Ohio, and will be served through its authorized agent for service of process.

**Answer 13.**     Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 13 and therefore deny Paragraph 13.

**Complaint 14.**     At all times relevant herein, Defendant, Credit Control, LLC ("Credit Control"), is a foreign corporation, authorized to conduct, and so conducting, business in the State of Ohio, and will be served through its authorized agent for service of process.

**Answer 14.**     Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 14 and therefore deny Paragraph 14.

**Complaint 15.**     At all times relevant herein, Defendant, LVNV Funding, LLC ("LVNV"), is a foreign corporation, authorized to conduct, and so conducting, business in the State of Ohio, and will be served through its authorized agent for service of process.

**Answer 15.**     Defendants deny Paragraph 15.

**Complaint 16.** Frontline Asset Strategies, LLC ("Frontline") and Financial Recovery Services, Inc. ("FRS") were each retained by and acted on behalf of LVNV for purposes of collection of an alleged debt on behalf of LVNV; alternatively and/or additionally, Frontline and FRS were each retained by Resurgent for purposes of collection of an alleged debt.

**Answer 16.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 16 and therefore deny Paragraph 16.

**Complaint 17.** Resurgent, Credit Control, Frontline, FRS and LVNV are each a "debt collector," as defined by the FDCPA.

**Answer 17.** Defendants deny all allegations in Paragraph 17.

**Complaint 18.** Upon information and belief, Resurgent is servicer acting and collecting an alleged debt on behalf of LVNV.

**Answer 18.** Defendants deny all allegations in Paragraph 18.

**Complaint 19.** Upon information and belief, Credit Control is servicer acting and collecting an alleged debt on behalf of LVNV.

**Answer 19.** Defendants deny all allegations in Paragraph 19.

**Complaint 20.** LVNV and/or Resurgent are liable for the unlawful debt collection activity of Frontline and FRS, as well as Resurgent and Credit Control, under principles of agency and *respondent superior.*

**Answer 20.** Defendants deny all allegations in Paragraph 20.

**Complaint 21.** LVNV and/or Resurgent assigned an alleged debt for collection to Frontline after being directed by Plaintiff to cease and desist all communications.

**Answer 21.** Defendants deny all allegations in Paragraph 21.

**Complaint 22.** LVNV and/or Resurgent assigned an alleged debt for collection to FRS after being directed by Plaintiff to cease and desist all communications.

**Answer 22.** Defendants deny all allegations in Paragraph 22.

**Complaint 23.** LVNV and/or Resurgent failed to inform Frontline that the alleged debtor had a cease and desist request related to the allege debt that Frontline was assigned to collect.

**Answer 23.** Defendants deny all allegations in Paragraph 23.

4

**Complaint 24.** LVNV and/or Resurgent failed to inform FRS that the alleged debtor had a cease and desist request related to the allege debt that FRS was assigned to collect.

**Answer 24.** Defendants deny all allegations in Paragraph 24.

**Complaint 25.** Defendants' contacts via letters, and any other mode of communication, each constituted a "communication," as defined by the FDCPA.

**Answer 25.** Defendants deny all allegations in Paragraph 25.

**Complaint 26.** Upon information and belief, each Defendant has attempted to collect an alleged "debt" wherein the original "creditor" is Credit One Bank, NA, as those terms are defined by the FDCPA.

**Answer 26.** Defendants deny all allegations in Paragraph 26.

**Complaint 27.** Upon information and belief, LVNV and Resurgent are related and part of an organization of companies referred to as "Resurgent Companies."

**Answer 27.** Defendants deny Paragraph 27.

**Complaint 28.** Credit Control is also part of Resurgent Companies.

**Answer 28.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 28 and therefore deny Paragraph 28.

**Complaint 29.** Upon information and belief, Credit One Bank is the parent organization of the "Resurgent Companies."

**Answer 29.** Defendants deny Paragraph 29.

**Complaint 30.** Upon information and belief, LVNV is a debt buyer, and purchased the subject charged-off alleged debt from Credit One Bank, NA.

**Answer 30.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 30 and therefore deny Paragraph 30.

**Complaint 31.** Upon information and belief, Resurgent, Credit Control, FRS, and Frontline were each collecting an alleged debt on behalf of LVNV.

**Answer 31.** Defendants deny Paragraph 31.

**Complaint 32.** Resurgent, Credit Control, FRS, and Frontline, at all times relevant to the debt collection activity alleged herein, were each servicers, sub-servicers assignees, representatives, agents or debt collectors acting on behalf of Resurgent Companies.

**Answer 32.** Defendants deny Paragraph 32.

**Complaint 33.**    Resurgent, Credit Control, FRS, and Frontline, at all times relevant to the debt collection activity herein, were each servicers, sub-servicers assignees, representatives, agents or debt collectors on behalf of LVNV.

**Answer 33.**    Defendants deny Paragraph 33.

**Complaint 34.**    LVNV is liable for the acts of its agents, representatives, debt collectors, assignees, servicers and/or sub-servicers.

**Answer 34.**    Defendants deny Paragraph 34.

**Complaint 35.**    In accordance with the foregoing, LVNV is a debt collector within the purview of the FDCPA.

**Answer 35.**    Defendants deny Paragraph 35.

**Complaint 36.**    On December 5, 2020, Plaintiff sent a letter to Resurgent and LVNV. In this correspondence, Plaintiff advised Resurgent and LVNV that he wrote to said defendants in follow-up to reviewing a tradeline they furnished on his Experian credit report, and that he disputed any alleged debt being owed to them. Plaintiff requested full validation of the alleged debt, and further requested Resurgent and LVNV cease and desist from any communication beyond such validation.

**Answer 36.**    The letter at issue speaks for itself.  In all other respects, Defendants deny Paragraph 36. See Exhibit A attached hereto.

**Complaint 37.**    A letter dated January 27, 2021 from Resurgent addressed to Matthew Rankin, purported to, *inter alia,* provide "verification of the debt."

**Answer 37.**    The letter at issue speaks for itself and was in response to an "inquiry recently received."  In all other respects, Defendants deny Paragraph 37. See Exhibit B attached hereto.

**Complaint 38.**    This communication also acknowledges it is "an attempt to collect a debt."

**Answer 38.**    The letter at issue speaks for itself.  In all other respects, Defendants deny Paragraph 38. See Exhibit B attached hereto.

**Complaint 39.**    The purported "verification" from Resurgent provided no information about any basis for the alleged $641.91 debt it sought. The only itemized information in the solitary statement that Resurgent provided set out fees and interest in the amount of $45.25 and $11.51, respectively

**Answer 39.**    Defendants deny Paragraph 39. This correspondence to Plaintiff Matthew Rankin included sufficient information including the account number, the original

creditor information, date of last payment, the borrower's name and address, the date the account was opened and charged-off, when it was acquired by LVNV Funding LLC, and a breakdown of the previous balance on the account, as well as fees and interest. See letter attached as Exhibit B.

**Complaint 40.** This "verification" and collection letter was received by Matthew Rankin on February 3, 2021.

**Answer 40.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 40 and therefore deny Paragraph 40.

**Complaint 41.** Resurgent's verification included:

a. an "Account Summary Report" dated January 27, 2021, listing the original creditor of the alleged account as Credit One Bank, N.A. The summary listed LVNV Funding LLC as the owner of the alleged account. The summary stated a charge-off amount of $641.91, and a charge-off date of June 10, 2019, but provided no other information regarding how Resurgent arrived at the amount allegedly owed (*e.g.*, what charges were made). The summary stated the account originated on April 26, 2018. Resurgent also provided no information establishing LVNV was the true owner of the alleged account other than its bald assertion.

b. a single statement for the period of May 10, 2019 to June 9, 2019. This statement included itemized charges for fees only, and also failed to show how Resurgent arrived at the alleged amount due.

**Answer 41.** Defendants deny Paragraph 39. This correspondence to Plaintiff Matthew Rankin included sufficient information including the account number, the original creditor information, date of last payment, the borrower's name and address, the date the account was opened and charged-off, when it was acquired by LVNV Funding LLC, and a breakdown of the previous balance on the account, as well as fees and interest. See letter attached as Exhibit B.

**Complaint 42.** The "verification" provided by Resurgent did not include any information as to how or when the alleged debt was originally incurred, such as the date or nature of the transactions that led to the date.

**Answer 42.** Denied.

**Complaint 43.** On February 5, 2021, Plaintiff wrote a second letter to Resurgent stating he received the letter dated January 27, 2021, and disputed the validity of the debt, and instructed Resurgent "to cease further communication" with him, in accordance with 15 U.S.C. § 1692c(c), providing in relevant part:

> *Upon receipt of this letter, I am demanding that Resurgent Capital Services immediately cease and desist all contact with me. Cease and*

> *Desist pertains to the following. I am demanding that Resurgent Capital-Services stop sending mail to my address at 127 Chery Drive Peebles, 0.11 45660. I am further demanding that Resurgent Capital Services ceases **any** attempts to call my cellphone. This includes telephone numbers and Resurgent Capital is also prohibited from contacting me by email at matthewrankin2015@gmail.com. Also, as a part of this cease-and-desist order Resurgent Capital Services is prohibited from contacting me through any means of telephone, text, email fax, or social media. It should be noted that in accordance with this cease-and-desist order Resurgent Capital Services is prohibited from contacting family, friends, or associates about any issue regarding this matter.*

**Answer 43.** Defendants admit that the alleged letter speaks for itself and deny all other allegations.

**Complaint 44.** The February 5, 2021 cease and desist letter was received by Resurgent on February 9, 2021.

**Answer 44.** Defendants admit that Resurgent received a letter dated February 5, 2021, and purporting to be from Plaintiff.

**Complaint 45.** Despite the instruction by Plaintiff for Resurgent and LVNV to cease all further communication with him, on February 25, 2021, Plaintiff received a letter from Resurgent dated February 17, 2021 attempting to collect the alleged debt.

**Answer 45.** Defendants deny all allegations in Paragraph 45.

**Complaint 46.** A letter dated April 20, 2021 was sent by Resurgent to Matthew Rankin purporting to again provide "verification" of the alleged debt. Enclosed in this correspondence was the exact same incomplete "verification" provided by Resurgent in its January 27, 2021 correspondence, *supra*.

**Answer 46.** Defendants deny all allegations in Paragraph 46.

**Complaint 47.** A second correspondence dated April 20, 2021 from Resurgent was also sent to Plaintiff. This second letter stated it was reviewing an inquiry directed to either Resurgent or Credit Control, both of which Matthew Rankin had previously instructed to cease and desist all communication with him regarding the alleged debt.

**Answer 47.** Defendants deny all allegations in Paragraph 47.

**Complaint 48.** The second correspondence dated April 20, 2021 was also clear in the intent it was an "attempt to collect a debt" from Matthew Rankin.

**Answer 48.** Defendants deny all allegations in Paragraph 48.

**Complaint 49.** Resurgent ignored Plaintiff's February 5, 2021 instruction to cease and desist and continued debt collection communications with Plaintiff

**Answer 49.** Defendants deny all allegations in Paragraph 49.

**Complaint 50.** On April 2, 2021, Plaintiff received a letter from Credit Control dated March 23, 2021.

**Answer 50.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 50 and therefore deny Paragraph 50.

**Complaint 51.** The March 23, 2021 letter was a debt collection communication attempting to collect the same alleged debt.

**Answer 51.** Defendants deny all allegations in Paragraph 51.

**Complaint 52.** The March 23, 2021 letter named LVNV as the "Current Creditor."

**Answer 52.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 54 and therefore Defendants deny Paragraph 52.

**Complaint 53.** LVNV, however, was never a "creditor" to Plaintiff.

**Answer 53.** Defendants deny Paragraph 53.

**Complaint 54.** LVNV did not offer or extend credit to Plaintiff at any time.

**Answer 54.** Defendants deny paragraph 53 as LVNV stands in the shoes of Credit One Bank, N.A.

**Complaint 55.** Credit Control sent Plaintiff the March 23, 2021 letter knowing Plaintiff had previously requested Credit Control cease all communications related to the alleged debt.

**Answer 55.** Defendants deny Paragraph 55.

**Complaint 56.** Neither LVNV, nor any agent or representative of LVNV, provided any evidence or document showing the alleged debt is owed to LVNV by Plaintiff.

**Answer 56.** Defendants deny paragraph 56.

**Complaint 57.** Neither LVNV, nor any agent or representative of LVNV, provided any evidence or document showing LVNV was the lawful owner of the alleged debt.

**Answer 57.** Defendants deny all allegations in Paragraph 57.

**Complaint 58.** Despite Plaintiff's requests that Defendants cease all communication with him, Defendants continued to communicate with him regarding the alleged debt.

**Answer 58.** Defendants deny all allegations in Paragraph 58.

**Complaint 59.** On April 13, 2021, Matthew Rankin received correspondence from FRS stating an intent to collect an alleged debt on behalf of LVNV.

**Answer 59.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 59 and therefore deny Paragraph 59.

**Complaint 60.** FRS's collection letter threatened that Plaintiff should pay the alleged debt to "*****Avoid Client Review For Law Firm Assignment****".

**Answer 60.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 60 and therefore deny Paragraph 60.

**Complaint 61.** On April 21, 2021, Matthew Rankin received a telephone call from Frontline, attempting to collect a debt on behalf of LVNV for $696.15, despite Matthew Rankin's prior instruction to LVNV to cease and desist further communication.

**Answer 61.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 61 and therefore deny Paragraph 61.

**Complaint 62.** During the April 21, 2021, the Frontline representative became belligerent and abusive with Matthew Rankin, and he subsequently hung up.

**Answer 62.** Defendants deny Paragraph 62.

**Complaint 63.** After about an hour, Plaintiff called Frontline back and requested written validation of the alleged debt, and instructed Frontline to stop calling him. Frontline's representative informed Plaintiff that he would be removed from Frontline's calling list.

**Answer 63.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 63 and therefore deny Paragraph 63.

**Complaint 64.** On April 21, 2021, Plaintiff wrote a letter directly to Frontline, wherein he instructed Frontline to cease and desist all communication with him in accordance with 15 U.S.C. § 1692c(c).

**Answer 64.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 64 and therefore deny Paragraph 64.

**Complaint 65.** On April 27, 2021, Matthew Rankin received another correspondence from Frontline stating Frontline's intent to collect the alleged $696.15

debt on behalf of LVNV. Frontline also threatened that if Matthew Rankin does not "resolve" the alleged debt while it is their office, their client may retain an attorney.

**Answer 65.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 65 and therefore deny Paragraph 65.

**Complaint 66.** At all times relevant, Matthew Rankin has taken reasonable steps to mitigate his injuries by repeatedly disputing the alleged debt, requesting verification of the alleged debt, and clearly instructing Defendants to cease all communication with him regarding the alleged debt.

**Answer 66.** Defendants deny all allegations in Paragraph 66.

**Complaint 67.** As a result of the continued communications, notwithstanding Plaintiff's instruction to cease all communications, Matthew Rankin has suffered stress, anxiety, emotional distress, invasion of privacy, intrusion upon his seclusion, loss of enjoyment, and inability to be free of unwanted dunning by Defendants related to this disputed alleged debt.

**Answer 67.** Defendants deny all allegations in Paragraph 67.

## JURISDICTION AND VENUE

**Complaint 68.** The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**Answer 68.** Defendants deny Paragraph 68.

**Complaint 69.** This Court has personal jurisdiction over Defendants because Resurgent, LVNV, and Credit Control each do business in this District. *See,* 28 U.S.C. § 1391 (c)(2).

**Answer 69.** Defendants deny Paragraph 69.

**Complaint 70.** This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d).

**Answer 70.** Defendants deny Paragraph 70.

**Complaint 71.** Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

**Answer 71.** Defendants lack information or knowledge sufficient to form a belief about the truth of Paragraph 71 and therefore deny Paragraph 71.

## FIRST CAUSE OF ACTION: FAIR DEBT COLLECTION PRACTICES ACT

**Complaint 72.** Matthew Rankin hereby incorporates all other paragraphs as if fully restated herein.

**Answer 72.** Defendants fully incorporate by reference the preceding paragraphs as if fully re-written herein.

**Complaint 73.** This claim is for violation of the FDCPA by Defendants, Resurgent, LVNV, and Credit Control, jointly and severally.

**Answer 73.** Defendants deny all allegations in Paragraph 73.

**Complaint 74.** With limited exceptions, 15 U.S.C. § 1692c(c) prohibits debt collectors like Defendants from communicating with consumer if "a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer."

**Answer 74.** Defendants state that the FDCPA speaks for itself and paragraph 74 does not require a response. To the extent that it does require a response, Defendants deny the allegations in paragraph 74.

**Complaint 75.** The limited exceptions set out under 15 U.S.C. § 1692c(c) do not apply to any of the communications at issue in this case.

**Answer 75.** Defendants deny all allegations in Paragraph 75.

**Complaint 76.** Defendants also failed to validate the alleged debt pursuant to Plaintiff's request under 15 U.S.C. § 1692g(b).

**Answer 76.** Defendants deny all allegations in Paragraph 76.

**Complaint 77.** Defendants' actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

**Answer 77.** Defendants deny all allegations in Paragraph 77.

**Complaint 78.** Defendants have each acted with willful intent to injure Plaintiff.

**Answer 78.** Defendants deny all allegations in Paragraph 78.

**Complaint 79.** At all times relevant, each Defendant had substantial written materials that informed it of its duties and obligations under the FDCPA.

**Answer 79.** Defendants deny all allegations in Paragraph 79.

**Complaint 80.** Despite knowing of their legal obligations, each Defendant acted consciously in breaching its known duties, and depriving Plaintiff of his rights under the FDCPA.

**Answer 80.** Defendants deny all allegations in Paragraph 80.

**Complaint 81.** The communications described herein were not the result of a bona fide error.

**Answer 81.** Defendants deny all allegations in Paragraph 81.

**Complaint 82.** No Defendant herein, individually or collectively, maintained procedures adapted to avoid bona fide errors under the FDCPA.

**Answer 82.** Defendants deny all allegations in Paragraph 82.

SECOND CAUSE OF ACTION: CONSUMER SALES PRACTICES ACT

**Complaint 83.** Matthew Rankin hereby incorporates all other paragraphs as if fully restated herein.

**Answer 83.** Defendants fully incorporate by reference the preceding paragraphs as if fully re-written herein.

**Complaint 84.** This claim is for violation of the Consumer Sales Practices Act, R.C. § 1345, *et. seq.* (hereinafter "CPSA") Defendants, Resurgent, LVNV, and Credit Control, jointly and severally.

**Answer 84.** Defendants deny all allegations in Paragraph 84.

**Complaint 85.** At all times relevant, Matthew Rankin was a "consumer," as defined by the Ohio Consumer Sales Practices Act.

**Answer 85.** Defendants deny Paragraph 85.

**Complaint 86.** At all times relevant, the facts as set forth herein, effect a "consumer transaction," as defined by the Ohio Consumer Sales Practices Act.

**Answer 86.** Defendants deny Paragraph 86.

**Complaint 87.** At all times relevant, each Defendant's actions and omissions, as forth herein, was unfair and deceptive to Plaintiff.

**Answer 87.** Defendants deny all allegations in Paragraph 87.

**Complaint 88.** At all times relevant, each Defendant's violations of the FDCPA, as set forth herein, was unfair and deceptive to Matthew Rankin. *See Taylor v. First Resolution Inv. Corp.,* 2016-Ohio-3444, 90, 148 Ohio St. 3d 627, 654, 72 N.E.3d 573, 599, citing *Kelly v. Montgomery Lynch & Assocs., Inc.,* N.D. Ohio No. 1:07-CV-919, 2008 U.S. Dist. LEXIS 30917, 2008 WL 1775251, *11 (Apr. 15, 2008).

13

**Answer 88.**     Defendants deny all allegations in Paragraph 88.

**Complaint 89.**     As a result of claims and allegations set forth herein, *inter alia,* before, during, or after a consumer transaction involving or effecting Matthew Rankin, Defendants each committed one or more unfair and deceptive acts.

**Answer 89.**     Defendants deny all allegations in Paragraph 89.

## ADDITIONAL DEFENSES

### Arbitration Agreement

1. Plaintiff agreed to resolve his claims in arbitration when he opened and used the Credit One Bank, N.A. account.  Thus, Plaintiff must arbitrate his claims in private arbitration, and this case must be stayed pending arbitration.

### Bona Fide Error Defense

2.     To the extent that Defendants are found to have violated the law, such violations were unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error, and thus, the complaint must be dismissed.

### Lack of Standing

3.     Plaintiff lacks standing to bring this action.

### Lack of Jurisdiction

4.     This Court lacks subject matter jurisdiction to grant the relief requested by Plaintiff.

### Statute of Limitations

5. All or part of the claims in this case are barred by the applicable statute of limitations.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Plaintiff's requested relief denied, and Defendants should be awarded their costs and fees in defending this action.

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC

>4031 Colonel Glenn Highway, First Floor
>Beavercreek, OH 45431
>Tel. (937) 839-2881
>Fax (800) 839-5843
>bgentry@boydgentrylaw.com
>zelliott@boydgentrylaw.com
>*Counsel for Counsel for Resurgent Capital Services, L.P., Credit Control, LLC, and LVNV Funding, LLC*

## Certificate of Service

I certify that a true and accurate copy of the foregoing has been served by the Court's CM/ECF service to all counsel of record on August 23, 2022.

>/s/Boyd W. Gentry
>Boyd W. Gentry (0071057)

15